```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF RHODE ISLAND

LOUIS PAOLINO and
MARIE ISSA,
        Plaintiffs,


        v.                                         C.A. No. 12-039-ML


JF REALTY, JOSEPH I. FERREIRA,
ROBERT YABROUDY, LKQ ROUTE 16
USED AUTO PARTS, INC., DBA
ADVANCED AUTO RECYCLING,
JOSEPH I. FERREIRA, TRUSTEE OF
THE JOSEPH I. FERREIRA TRUST,
        Defendants.
```

**MEMORANDUM AND ORDER**

Louis Paolino and Marie Issa (the "Plaintiffs") have brought a claim under the citizen suit enforcement provisions of the Federal Water Pollution Control Act ("CWA"), 33 U.S.C. § 1251, *et seq*. The Plaintiffs allege in their most recent complaint (the "Complaint")(Docket # 1) that their five acre property in Cumberland, Rhode Island, is subjected to contaminated runoff emanating from an abutting 39 acre property (the "Property") that is currently owned by JF Realty, LLC ("JF Realty") and used as an automobile salvage business by LKQ Route 16 Used Auto Parts, Inc., DBA Advanced Auto Recycling ("LKQ"). The matter before the Court is the Defendants' motion to dismiss the Complaint as to Joseph I. Ferreira, who is the sole member and owner of JF Realty ("Ferreira"), and the Joseph I. Ferreira Trust (the "Trust"), of

1

which Ferreira is the trustee.

## I. Background Summary and Procedural Posture

The facts and procedural history of this case have been related on prior occasions. See, e.g., Paolino v. JF Realty, LLC, 710 F.3d 31 (1st Cir. 2013); Paolino v. JF Realty, LLC, C.A. No. 12-039-ML, 2012 WL 3061594 (D.R.I. Jul. 26, 2012); LM Nursing Service, Inc. v. Ferreira, No. 09-cv-413-SJM-DLM, 2011 WL 1222894 (D.R.I. Mar. 30, 2011); Paolino v. JF Realty, LLC, C.A. No. 12-039-ML, 2013 WL 3233296 (D.R.I. Jun. 2013). According to the Complaint, Ferreira acquired the larger parcel in 1983 and began operating an automobile salvage business thereon in 1984. Complaint ¶ 20. LM Nursing Service Inc., a corporation of which the Plaintiffs are the officers and directors, bought the smaller parcel in 1985. Id. at ¶ 18. The Plaintiffs contend that, in 1997, Ferreira transferred his Property to himself as trustee of the Joseph I. Ferreira Trust, id. at ¶ 21, and that, in 2005, Ferreira conveyed the Property to JF Realty. Id. at ¶ 22. Since that last conveyance, JF Realty has leased the Property to LKQ, which is operating the automobile salvage business.

The Complaint is based on the Plaintiffs' allegations that (1) the Defendants are in continuing violation of the CWA, because "they do not have a valid RIPDES [Rhode Island Pollutant Discharge Elimination System] permit in the name of the actual owner and operator of the Property; and (2) they are continually discharging

pollutants into United States waters at levels in excess of state water quality standards, federal effluent limitations, and other restrictions imposed by their RIPDES permit." Paolino v. JF Realty, LLC, 710 F.3d at 35. Specifically, the Plaintiffs state that the RIPDES permit "was not issued to the owner and operator as required by law." Id. at ¶ 24. According to the Complaint, the application for the RIPDES permit contained a false representation that the Trust was the owner of the Property and that Advanced Auto Recycling, Inc. was the operator of the automobile salvage business. Id. at ¶ 24. With respect to the pollution alleged to have contaminated the Plaintiffs' property, the Plaintiffs assert, *inter alia*, that, in 1984, Ferreira relocated an un-permitted drainage ditch onto the Plaintiffs' property and that the resulting intermittent stream discharges contaminated and hazardous materials. ¶ 27.

On July 26, 2012, this Court dismissed the Complaint with prejudice for defective pre-suit notice and, with respect to all claims against Robert Yabroudy, for improper service. Paolino v. JF Realty, LLC, C.A. No. 12-039-ML, 2012 WL 3061594 (D.R.I. Jul. 26, 2012). The Plaintiffs appealed the dismissal, which was reversed, in part, by the First Circuit Court of Appeals on March 13, 2013. Paolino v. JF Realty, LLC, 710 F.3d at 35. On June 21, 2013, JF Realty and LKQ filed an answer to the Complaint, (Docket # 25), in which they affirmed the Plaintiffs' description of the ownership

3

history of the Property, but denied any allegation as to the RIPDES permit. On their part, Ferreira and the Trust filed a motion to dismiss the Complaint. (Docket # 26). The Defendants also filed a motion to strike the Plaintiffs' jury demand (Docket # 27), which is currently under consideration by this Court. On July 8, 2013, the Plaintiffs objected to the Defendants' motion to dismiss the Complaint (Docket # 29) and the motion to strike the Plaintiffs' demand for a jury (Docket # 30).

**II. Standard of Review**

A motion to dismiss a complaint is governed by Rule 12 of the Federal Rules of Civil Procedure. In entertaining such a motion, the Court must consider "whether, construing the well-pleaded facts of the complaint in the light most favorable to the plaintiffs, the complaint states a claim for which relief can be granted." Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 8 (1st Cir. 2011). To withstand the motion, the complaint "'must contain sufficient factual matter ... to "state a claim to relief that is plausible on its face."'" Katz v. Pershing, LLC, 672 F.3d 64, 72-73 (1st Cir. 2012)(quoting Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The Complaint must "include 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Katz v. Pershing, LLC, 672 F.3d at 73

(quoting Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011) (quoting Iqbal, 129 S.Ct. at 1949)). The Court takes "the complaint's well-pled (*i.e.*, non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor [to] see if they plausibly narrate a claim for relief." Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012)(internal citations omitted). However, "statements in the complaint that simply offer legal labels and conclusions or merely rehash cause of-action-elements" must be isolated and ignored. Id.; Rodriguez-Ramos v. Hernandez-Gregorat, 685 F.3d 34, 40 (1st Cir.2011) (noting that the Court must "disregard statements in the complaint that merely offer 'legal conclusion[s] couched as ... fact[]' or 'threadbare recitals of the elements of a cause of action'")(internal quotations omitted); Feliciano-Hernandez v. Pereira-Castillo, 663 F.3d 527, 533  (1st Cir. 2011)(noting that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice ... [O]nly a complaint that states a plausible claim for relief survives a motion to dismiss.")(quoting Iqbal, 129 S.Ct. at 1949, 1950).

The Court reviews a motion to dismiss for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) under the same standard as a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ.P. 12(b)(6). See, e.g., Puerto Rico Tel. Co. v. Telecomm. Regulatory

Bd. of Puerto Rico, 189 F.3d 1, 14 n.10 (1st Cir.1999) ("The standard of review ... is the same for failure to state a claim and for lack of jurisdiction."). In both cases, the Court will construe the complaint liberally; however, in reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(1), the Court may also "consider whatever evidence has been submitted, such as ... depositions and exhibits." Carroll v. United States, 661 F.3d 87, 94 (1st Cir.2011)(citation omitted).

### III. The Parties' Positions

A. The Motion to Dismiss

Ferreira, in his individual capacity and as trustee of the Trust, asserts that neither he nor the Trust owns the Property or operates the automobile recycling facility. Mem. Mot. Dismiss. at 1 (Docket # 26). Ferreira states that he and the Trust have no control over the alleged pollution source and no ability to bring the property into compliance. Id. Because the Plaintiffs have not alleged any current violations of the CWA by Ferreira or the Trust, Ferreira further suggests that he and the Trust, as prior owner and/or operator, cannot be deemed reachable under the CWA. Id.

B. Plaintiffs' Objection

At the outset, the Plaintiffs note that the Defendants' motion to dismiss the Complaint fails to specify under which subsection of Rule 12 of the Federal Rules of Civil Procedure it is asserted. Obj. at 2 (Docket # 29-1). For that reason, the Plaintiffs assume

that the motion is brought either pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction or pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

The Plaintiffs point out that (1) Ferreira is the sole member and 100% owner of JF Realty; (2) Ferreira is the General Manager of the automobile recycling business for LKQ, and (3) the Complaint is "replete with allegations of ongoing violations of the CWA by Ferreira and the other Defendants." Obj. at 1-2. The Plaintiffs also note that the 2007 RIPDES permit was issued to the Trust and that no valid RIPDES permit was ever issued to the actual owner, JF Realty or the actual operator, LKQ[1].

With respect to the allegations of ongoing violations, the Plaintiffs assert that, in 1984, Ferreira relocated a drainage ditch from the Property onto the Plaintiffs' property without a permit required under the CWA, and that the Defendants are continuing to use this ditch to drain a pond located on the Property which contains contaminated and hazardous materials. Obj. at 5. The Plaintiffs also contend that Ferreira and the other Defendants have installed rip-rap and other materials on the

---

[1] According to the Complaint, the RIPDES permit application certified Advanced Auto Recycling, Inc. as the operator. Complaint ¶ 24. The Plaintiffs' statement that this is a "non-existent entity" appears to reflect that Advanced Auto Recycling, Inc. is merely the name under which LKQ conducts its business. In other words, the RIPDES permit application should have properly certified LKQ as the operator of the recycling business.

Plaintiffs' property, where those materials currently remain.

**IV. Discussion**

The United States Supreme Court has held that the CWA does not permit citizen suits for "wholly past" violations. <u>Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc.</u>, 484 U.S. 49, 59, 108 S.Ct. 376, 98 L.Ed.2d 306 (1987)(noting that "the harm sought to be addressed by the citizen suit lies in the present or the future, not the past"). In order to maintain a citizen suit under Section 1367 of the CWA, the Plaintiffs must allege "a state of continuous or intermittent violation - that is a reasonable likelihood that a past polluter will continue to pollute in the future." <u>Gwaltney</u>, 484 U.S. at 57, 108 S.Ct. at 381. To withstand a motion to dismiss, it is sufficient that a defendant is "*alleged* to be in violation" of the CWA. <u>Id.</u> at 65 (emphasis in original)(noting that, because allegations must be based on a good-faith belief, formed after reasonable inquiry, defendants are adequately protected from frivolous allegations). "When a company has violated an effluent standard or limitation, it remains, for purposes of § 505(a), 'in violation' of that standard or limitation so long as it has not put in place remedial measures that clearly eliminate the cause of the violation." <u>Id.</u> at 69.

In the case before the Court, the Plaintiffs specifically assert that Ferreira relocated a drainage ditch onto their property without the proper permit and that the ditch has been, and is now,

in continuous use by the other Defendants. The Plaintiffs also contend that the RIPDES permit under which contaminated runoff is being discharged from the Property is in the name of the Trust, not that of the current owner of the Property[2]. As such, the allegations of the Complaint are sufficient to establish at least the possibility of an ongoing or intermittent violation of the CWA and to withstand the motion to dismiss the Complaint.

Ferreira also suggests that, as a prior owner and/or operator, neither he nor the Trust can be deemed reachable under the CWA because they have no control over the alleged pollution source and have no ability to bring the property into compliance. Mem. Mot. Dismiss at 1. That argument, too, fails to recognize that Ferreira, as the sole member and 100% owner of JF Realty, may well have control over the Property and that the only existing RIPDES permit is in the name of the Trust as owner.

Other courts which have addressed the issue of defendants in a CWA citizen suit who no longer own the alleged source of pollution have reached divergent conclusions. City of Mountain Park, Georgia v. Lakeside at Ansley, LLC, 560 F.Supp.2d 1288 (N.D. Ga.2008)(determining that presence of illegally discharged fill materials constituted "ongoing violation" of CWA). In United States v. Sea Bay Development Corp., the court rejected one of the

---

[2] As the Plaintiffs note, the exact ownership history of the Property may require further clarification. See Obj. at 5 n. 4

9

defendants' argument that the plaintiff could not state a CWA claim against it because the defendant had no property rights in C.A. No. 2:06-cv-624, 2007 WL 1378544 (E.D.Va. May 8, 2007). The court noted that this argument did "not address potential prohibitive or mitigating injunctions, for which property rights in the land in question are irrelevant." Id. at *3.

By contrast, the court in Friends of Sakonnet v. Dutra, 738 F. Supp. 623 (D.R.I. 1990) - on which Ferreira relies - held that past owners of a polluting septic system could not be presently violating the CWA and were not properly subject to a CWA citizen suit. However, that case is distinguishable from the matter now before this Court. In Sakonnet, the Court agreed with the former owners of the polluting septic system who argued that they could not be liable because any alleged violations for which they may have been responsible were wholly in the past. However, in that case, the prior owners had relinquished ownership and control of the polluting source to a third party, and there is no indication that they had any continuing connection to the new owner.

Under the circumstances of the present case, although Ferreira and the Trust may no longer be the record owners of the Property, the allegations of continuing violations of the CWA, together with the unresolved questions regarding ownership of the Property, are sufficient to require further investigation as to the potential liability of all Defendants in this case. Therefore, a dismissal of

the claims against Ferreira and the Trust at this stage is premature.

## Conclusion

For the reasons stated herein, the Defendants' motion to dismiss the Complaint as to Ferreira and the Trust is DENIED.

SO ORDERED.

/s/ Mary M. Lisi

Mary M. Lisi

Chief United States District Judge

July 24, 2013